IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROSE WAKEFIELD,** | 06-CV-1066-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **CAVALRY PORTFOLIO SERVICES, LLC,** | |
| Defendant. | |

**KEITH D. KARNES**
Harris Berne Christensen LLP
Olsen, Olsen & Daines, LLC
1599 State Street
P.O. Box 12829
Salem, OR  97309-0829
(503) 362-9393

       Attorneys for Plaintiff

**JEFFREY I. HASSON**
Davenport & Hasson, LLP
12707 N.E. Halsey Street
Portland, OR  97230
(503) 255-5352

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss (#7). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff Rose Wakefield's Complaint and are undisputed unless otherwise noted.

Defendant Cavalry Portfolio Services, LLC, is a debt collector who reviews consumer-credit reports in the regular course of business. Defendant requested and received Plaintiff's credit report in April, June, and August 2005 and three times in February 2006. Plaintiff contends Defendant "is claiming the right to collect on a debt that Plaintiff allegedly owes to Union 76 NP." Plaintiff, however, alleges she filed Chapter 7 Bankruptcy on October 15, 2005; her credit report reflects she filed bankruptcy; and her debt to Union 76 was discharged in that bankruptcy.

On July 6, 2006, Plaintiff filed a Complaint alleging Defendant violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681q, because Defendant "repeatedly request[ed] Plaintiff's credit report when Defendant had knowledge of Plaintiff's bankruptcy."

On August 21, 2006, Defendant filed a Motion to Dismiss on

the grounds that (1) Plaintiff lacks standing to bring a FCRA claim, (2) Plaintiff failed to plead her FCRA claim with the specificity required by Federal Rule of Civil Procedure 9(b), and (3) Defendant did not have any knowledge of Plaintiff's bankruptcy.

## STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency.  *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th

3 - OPINION AND ORDER

Cir. 1986).  *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

Generally when considering a Motion to Dismiss, a court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

In *Parrino v. FHP, Inc.*, however, the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  146 F.3d 699, 706 (9th Cir. 1998).  In addition, the court noted district courts may "consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  *Id*. at 705 (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  The court extended this premise to allow the district court to "apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, [and noted] such an extension is supported by the policy concern underlying the rule:  Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Id*. (citation omitted).

4 - OPINION AND ORDER

**DISCUSSION**

**I.   Plaintiff Has Standing to Bring a FCRA Claim.**

Defendant contends Plaintiff lacks standing to bring this action because Plaintiff's claim is based on an alleged violation of the Bankruptcy Code and, therefore, belongs to the bankruptcy trustee in the Bankruptcy Court.  To support its contention, Defendant relies on *Walls v. Wells Fargo, N.A.*, 276 F.3d 502 (9th Cir. 2002).

In *Walls,* the Ninth Circuit precluded a claim brought under the Fair Debt Collection Practices Act, 11 U.S.C. § 1692, *et seq.* The court concluded the proper remedy lay in the Bankruptcy Court because the Bankruptcy Code precluded Plaintiff's claim.  *Id*. at 510.  Although the Ninth Circuit has not addressed the question whether *Walls* applies in the context of a FCRA claim, the United States Bankruptcy Court for the District of Idaho examined the issue; found *Walls* does not apply in the context of a FCRA claim; and concluded, therefore, the Bankruptcy Code did not preclude the plaintiff's FCRA claim.  *In re Miller*, No. 01-02004, 2003 WL 25273851, at *2 (D. Idaho Aug. 15, 2003).

The United States Bankruptcy Court for the Eastern District of Virginia also has held FCRA and the Bankruptcy Code "co-exist."  *In re Potes*, 336 B.R. 731, 733 (E.D. Va. 2005).  In *Potes*, the Bankruptcy Court concluded the same act could give rise to remedies under both FCRA and the Bankruptcy Code.  *Id*.

5 - OPINION AND ORDER

The Court finds the reasoning of *Miller* and *Potes* is persuasive. Accordingly, the Court concludes Plaintiff's FCRA claim is not precluded by the Bankruptcy Code and is not the property of the bankruptcy trustee under these circumstances. Plaintiff, therefore, has standing to bring a FCRA claim.

**II. Plaintiff Pled Her FCRA Claim with the Requisite Specificity.**

In its Reply, Defendant contends Plaintiff has not pled her claim for a violation of 15 U.S.C. § 1681q with the level of specificity required by Federal Rule of Civil Procedure 9(b), and, therefore, the Court must dismiss her claim.

15 U.S.C. § 1681q provides:

> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both.

Defendant contends because a violation of § 1681q requires "false pretenses," it is a claim that "sounds in fraud" and, therefore, must be pled with particularity pursuant to Rule 9(b). To support its contention, Defendant relies on several cases in which the courts have held claims involving allegations of false pretenses sound in fraud. None of the cases relied on by Defendant, however, involved FCRA claims. In addition, this Court could not find any case in which a court held a claim brought under § 1681q of FCRA must meet the pleading requirements of Rule 9(b).

6 - OPINION AND ORDER

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." To satisfy the additional burdens imposed by Rule 9(b), the claimant must allege at a minimum "the time, place and nature of the alleged fraudulent activities." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds by Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2001). Under most circumstances, the claimant also must attribute specific conduct to individual defendants. *Moore*, 885 F.2d at 541.

In her Complaint, Plaintiff alleges Defendant has been attempting to collect a debt that was discharged in Plaintiff's bankruptcy. Plaintiff asserts her credit report reflects that she filed bankruptcy and that Defendant requested and received her credit report three times before and three times after she filed bankruptcy. Finally, Plaintiff contends "Defendant's action in repeatedly requesting Plaintiff's credit report when Defendant had knowledge of Plaintiff's bankruptcy is a violation of FCRA, 15 U.S.C. § 1681q."

Thus, Plaintiff has pled the time, place, and nature of the alleged false pretenses and attributed specific conduct to Defendants.

7 - OPINION AND ORDER

The Court concludes, therefore, even if Plaintiff's FCRA claim is required to meet the pleading requirements of Rule 9(b), Plaintiff has pled her claims with sufficient specificity.

**III. Defendant's Knowledge of Plaintiff's Bankruptcy.**

Finally, Defendant contends it did not have any knowledge of Plaintiff's bankruptcy because Defendant was not listed on the bankruptcy schedules. Defendant argues, therefore, it did not obtain Plaintiff's credit report under false pretenses.

To support its argument, Defendant submitted Plaintiff's bankruptcy petition, which does not list Defendant as a creditor. Even if Defendant was not listed in her bankruptcy petition, however, Plaintiff alleges Defendant knew she had filed bankruptcy because it was noted on her credit report. Neither party submitted Plaintiff's full credit report. At this stage of the proceedings, therefore, the Court must consider as true the allegation in Plaintiff's Complaint that her credit report reflects that she filed bankruptcy.

On this record, the Court concludes it is not "clear that no relief could be granted [to Plaintiff] under any set of facts that could be proved consistent with the allegations.'" *See Cervantes*, 5 F.3d at 1274. *See also Navarro*, 250 F.3d at 732 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Accordingly, the Court denies Defendant's Motion to Dismiss.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion Dismiss (#7).

IT IS SO ORDERED.

DATED this 1st day of November, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER